56 CCPA

**HOT SHOPPES, INC., Appellant,**

v.

**The BORDEN COMPANY, Appellee.**

**Patent Appeal No. 8039.**

United States Court of Customs
and Patent Appeals.

Dec. 19, 1968.

Rehearing Denied March 6, 1969.

Worley, C. J., dissented.

Browne, Schuyler & Beveridge, Washington, D. C. (Francis C. Browne, Richard G. Kline, Washington, D. C., of counsel) for appellant.

John L. Sigalos, Maurice T. McElligott, New York City, for appellee.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND, and BALDWIN, Judges.

ALMOND, Judge.

Hot Shoppes, Inc. appeals from the decision of the Trademark Trial and Appeal Board [1] dismissing its opposition to the application [2] of The Borden Company to register "MIGHTY MALT" for frozen confection, namely, ice milk.

Appellant (opposer) is the registrant of the mark "MIGHTY MO" for sandwiches [3] and for restaurant services. [4]

The record shows, and appellee does not dispute, opposer's prior use of "MIGHTY MO" for sandwiches and drive-in restaurants. The only issue is likelihood of confusion.

On this issue the board found for The Borden Company, stating:

> The marks "MIGHTY MO" and "MIGHTY MALT" each suggests that the product or services in connection with which it is used is somewhat larger and better than the average like product or service. In view of this suggestive connotation and the overall differences between the marks, it is not believed that confusion or mistake is likely to occur in the marketing of the respective goods and services of the parties.
>
> \* \* \* \* \* \*
>
> The opposition is dismissed.

On appeal, appellant stresses the common distinctive feature MIGHTY M of the two marks and alleges that it is common practice for the public to use such contractions when referring to a

1. Board opinion abstracted, 150 USPQ 836.

2. Serial No. 155,887, filed October 25, 1962.

3. Reg.No. 668, 454, registered October 14, 1958.

4. Reg.No. 769,701, registered May 12, 1964.

trademark. Appellant emphasizes this point, stating:

> * * * It is the unique combination of the word MIGHTY and an associated suffix beginning with the letter "M" which Appellee has attempted to misappropriate. Bearing in mind that the initial portion of a mark is better remembered than the terminal portion and that comparison of these features is not to be made side-by-side, but in the light of a purchaser's inability to retain the respective marks in his memory for any appreciable length of time, the combination of an identical prefix and associated suffix beginning with the same letter may not be disregarded in determining the question of confusing similarity. * * *

Appellant also draws attention to the finding of the board that "ice milk and sandwiches are related food items which are conjointly offered for sale and consumption in restaurants." We note that the board discussed the related nature of the goods only for the purpose of observing that *if* the products were to be sold under the same or *confusingly similar* marks, confusion as to source would be likely to occur. However, as the board did not find that the goods were being sold under confusingly similar marks, the related nature of the goods did not require the board's further consideration.

It is appellee's position that there is no confusing similarity between the marks and that appellant's argument as to the significance of the MIGHTY M combination is without merit. In this connection, appellee, in its brief, makes the following argument:

> * * * It is apparent that the Patent Office has concluded that no single registrant has an exclusive monopoly in and to the designation MIGHTY when used in combination with another word, letter or designation in the foods field. It seems almost obvious that the use of the designation MIGHTY in combination with another designation is entitled to only limited protection.

This limited degree of protection is specifically what Appellee herein seeks, that is, a registration of its mark MIGHTY MALT for the product ice milk and no more. Appellee contends that it is entitled to the same degree of latitude granted by the Patent Office to other "MIGHTY" registrants in Class 46.

In reviewing the positions taken by the parties, it seems to us that appellee's arguments are the more persuasive. Certainly it appears that there is nothing particularly distinctive in the concept of a two-word combination including the prefix MIGHTY as a trademark for a food product, that is likely to fasten itself in the mind of a consumer as identifying a particular source for the product. It therefore seems unlikely to us that a consumer faced with ice milk marked MIGHTY MALT would be likely to think it had the same source as sandwiches or restaurant services marked MIGHTY MO, assuming an acquaintance with the latter.

The decision of the Trademark Trial and Appeal Board is therefore affirmed.

Affirmed.

SMITH, J., participated in the hearing of this case but died before a decision was reached.

WORLEY, Chief Judge (dissenting).

It seems inescapable to me that when the average purchasers of "MIGHTY MO" sandwiches see "MIGHTY MALT" on frozen confections, they would be clearly justified in assuming, and would doubtless assume, that the goods have a common source.

There is no apparent reason applicant could not have selected a less confusing mark. And certainly, on this record, the first user and registrant of "MIGHTY MO" is entitled to have doubt on "a likelihood of confusion" resolved in its favor and against the newcomer "MIGHTY MALT."

I would reverse.