58 CCPA

**MARRIOTT–HOT SHOPPES, INC.,**
Appellant,

v.

**McKEE BAKING COMPANY, d. b. a.**
Mighty Mike Bakery, Appellee.

Patent Appeal No. 8540.

United States Court of Customs and
Patent Appeals.

June 3, 1971.

———◆———

Francis C. Browne, Richard G. Kline, J. Michael Cleary, Washington, D. C. (Browne, Beveridge & DeGrandi), Washington, D. C., attorneys of record, for appellant.

Lamont Johnston, Chattanooga, Tenn., attorney of record, for appellee.

Before RICH, ALMOND, BALDWIN an.. LANE, Judges, and LANDIS, Juuge, United States Customs Court, sitting by designation.

RICH, Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board, 159 USPQ 685 (1968), dismissing appellant's opposition to appellee's application to register MIGHTY MIKE for cakes, cookies, and pies, serial No. 229,986, filed October 12, 1965, claiming first use August 25, 1965. We affirm.

Appellant relies on its prior registrations of MIGHTY MO for restaurant services, No. 769,701, May 12, 1964, and for sandwiches, No. 668,454, October 12, 1958, and on its prior use of the mark. Appellee does not contest appellant's prior use of its mark. Thus the only question before us is whether simultaneous use of the two marks on the goods and services set forth in the parties' registrations and application, respectively, would be likely to cause confusion or mistake or to deceive within the meaning of 15 U.S.C. § 1052(d).

The term before last we decided that simultaneous use of the mark MIGHTY MALT for ice milk and appellant's mark MIGHTY MO for restaurant services and sandwiches would not be likely to cause confusion, mistake, or deception within the meaning of 15 U.S.C. § 1052(d). Hot Shoppes v. Borden Co., 404 F.2d 999, 56 CCPA 891 (1968). Many of the arguments appellant makes here are the same it made there, and we again reject them for the same reasons. However, appellant additionally argues that appellee's mark MIGHTY MIKE is closer to its mark than MIGHTY MALT because both marks consist of the identical word MIGHTY plus a one-syllable nickname beginning with the letter M.

We agree with appellant that this case is slightly closer than was the case it lost here two years ago. The goods and services of the parties are just as related, and the marks are in some ways arguably closer. However, as we stressed in our previous opinion, appellant's mark is weak. "[T]here is nothing particularly distinctive in the concept of a two-word combination including the prefix

*Mighty* as a trademark for a food product * * *." Id., 404 F.2d at 1000, 56 CCPA at 893. On balance, despite the edge which appellant's priority gives it, we agree with the unanimous view of the board that confusion, mistake, or deception is not likely to follow from simultaneous use of the two marks on the goods and services recited in the parties' registrations and application, respectively.

Accordingly, the decision of the board is affirmed.

Affirmed.